**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4360

TYRONE WILLIS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Chief District Judge.
(CR-97-147)

Submitted: June 8, 1999

Decided: June 23, 1999

Before MURNAGHAN, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marcus Lynn Smith, Greenville, South Carolina, for Appellant. J.
Rene Josey, United States Attorney, Alfred W. Bethea, Jr., Assistant
United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Tyrone Willis pleaded guilty to conspiracy to possess cocaine base with intent to distribute, in violation of 21 U.S.C.§ 846 (1994), and was sentenced to a prison term of 168 months. He appeals his sentence, contending that the district court violated Fed. R. Crim. P. 32 when it considered evidence of firearm use that had not been included in the initial presentence report to which the Government lodged no objection. We affirm.

In Willis's plea agreement, it was stipulated that he would be held accountable for 500 grams to 1.5 kilograms of cocaine base. This stipulated quantity dictated a base offense level of 36 under U.S. Sentencing Guidelines Manual § 2D1.1(c)(2) (1995) and a mandatory minimum prison sentence of 120 months under 21 U.S.C.A. § 841(b)(1)(A) (West Supp. 1999). The initial presentence report, which was prepared in May and mailed to the parties on June 20, 1997, included a finding that Willis was eligible for treatment under the so-called "safety valve" provision that eliminates the mandatory minimum sentence. See USSG § 5C1.2. In Willis's case, the safety valve would have also acted to reduce his offense level by two points. See USSG § 2D1.1(b)(4). One of the criteria for application of the safety valve provisions is that "the defendant did not use violence . . . or possess a firearm or other dangerous weapon . . . in connection with the offense." USSG § 5C1.2(2). The initial presentence report did not mention firearm use or possession by Willis or his co-defendants in the operation of their drug conspiracy.

In the cover letter to the report, the probation officer noted that a local court rule required that any objections to the report had to be filed by July 3, 1997. The Government and defense counsel confirmed that they had no objections. However, in the case of a co-defendant, Alloric Tewan Lane, which was proceeding on a parallel track and whose presentence report also contained no mention of firearms, the Government formally objected to application of the safety valve provision on the basis of possession of firearms by all defendants in their drug trafficking business.

The first sentencing hearing for Willis, Lane, and another co-defendant was held on September 12, 1997. Without objection from any party, the district court conducted an evidentiary hearing concerning the unresolved issue of the presence of firearms. In addition to testifying about the extensive use of firearms by the defendants, a federal law enforcement officer also testified that he had provided evidence of firearm use to the probation officer about two months earlier. The district court then continued the hearing to permit the probation officer to consider the evidence and to prepare new presentence reports if necessary. Revised reports were mailed to the parties on September 23, 1997, reflecting evidence of firearm possession. In light of this evidence, the probation officer eliminated the "safety valve" from her calculation of the sentencing ranges.*

At the final sentencing hearing held on October 27, 1997, Willis's counsel did not object to the substance of the factual statements in the revised report concerning the firearms. He moved, however, to exclude all evidence relating to firearms on the ground that the Government's failure to file an objection within fourteen days after receipt of the original presentence report constituted waiver. He based his argument on Fed. R. Crim. P. 32(b)(6)(B), which states:

> Within 14 days after receiving the presentence report, the parties shall communicate in writing to the probation officer, and to each other, any objections to any material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the presentence report. After receiving objections, the probation officer may meet with the defendant, the defendant's counsel, and the attorney for the Government to discuss those objections. The probation officer may also conduct a further investigation and revise the presentence report as appropriate.

The district court, noting that Willis had sufficient opportunity to contest the evidence of firearms, ruled that Willis's due process rights

─────────────────────────────

*For Willis, elimination of the safety valve resulted in an increase in offense level from 31 to 35, with an increase in the applicable sentence range from 108-135 months to 168-210 months.

3

were not violated and noted that granting Willis's motion would prevent the court from considering the true nature and seriousness of the offense when imposing sentence. See 18 U.S.C.A. § 3553(a)(1) (West 1985 & Supp. 1999). We agree.

Under Fed. R. Crim. P. 32(b)(6)(D), the district court may for good cause allow new objections at any time before sentence is imposed. Although the court did not specifically find good cause, such a finding was not necessary because Willis failed to object when evidence of firearms was presented at the first sentencing hearing. See United States v. Archuleta, 128 F.3d 1446, 1452 n.12 (10th Cir. 1997) ("[N]o explicit finding of good cause is necessary to preserve the issue for appeal" when defendant failed to contemporaneously object to government's challenge to recommendation in presentence report at sentencing hearing). Willis was aware that his possession of firearms was a disputed issue well before he was sentenced, and the district court gave him ample opportunity to contest the issue. See USSG § 6A1.3. Therefore, we find that the district court fully complied with the requirements of Rule 32 in considering and resolving the issue.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4